The COURT held, that they might take cognizance of the crime of perjury.

## DAUCHY v. SMITH AND OLMSTED.

A demurrer to a declaration, containing a recital of the obligation on which the suit is founded, is ill, for any allegation of variance; the advantage should be taken by abatement on oyer, or demurrer to evidence.

THIS was an action of debt on bond; the declaration in common form.

Mr. Ingersol prayed oyer of the bond, which he recited at large in his plea, and concluded by demurring to the declaration.

The bond appeared to have been taken to the plaintiff, in the capacity of constable of the town of Ridgefield. It was conditioned that Smith, one of the obligors, should appear before the Court of Common Pleas, at Fairfield, on the third

Tuesday of April, 1784, answer to an action, in favor of James Sturges, against him, plead in custody of the court, and not depart without license.

Mr. Ingersol took two exceptions under the demurrer:

1. That the bond being taken by an officer in his official capacity, the condition ought to have been expressed in the declaration; for otherwise it does not appear but that it was taken for ease and favor, which would be illegal. Although it does not appear upon the face of the declaration that the bond was taken to an officer, yet, by inserting it in the plea, the whole becomes parcel of the record; and the advantage may in this manner be as well taken under a demurrer as by pleading a variance.

2. The condition of the bond is unwarrantable: For it is, that Smith shall appear and plead in custody: That he shall suffer imprisonment at all events; which defeats the very design of bail.

By the whole COURT. For aught that appears from the declaration, a good and sufficient bond is declared upon, and well described; and if the defendants would avail themselves of any variance between the bond declared upon and that shown upon oyer, they should have taken advantage of it by plea in abatement, or demurrer to the evidence; the declaration, therefore, adjudged sufficient.

Note.— This adjudication is opposed to the English practice.   See 2 Wilson's Reports, 339, Turner v. Vaughan.